UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE No. 6:19-mj-00060-JDP |
| Plaintiff, | )<br>)<br>) | ORDER DENYING REQUEST FOR RULE 43 WAIVER OF PERSONAL APPEARANCE FOR PLEA ON THE INDICTMENT AND NONDISPOSITIVE HEARINGS WITHOUT PREJUDICE |
| v. | )<br>)<br>) | |
| PAUL S. KUBE, | ) | (ECF No. 16) |
| Defendant. | )<br>)<br>) | |

    Currently before the Court is Defendant Paul S. Kube's request for a waiver under Federal Rule of Criminal Procedure 43(b)(2) to appear for his plea on the anticipated indictment on November 22, 2019, at 2:00 p.m. and for all subsequent nondispositive hearings.

    Rule 43 controls the circumstances in which a defendant must be present in the courtroom. Rule 43 requires that, unless Rule 5 or 10 provides otherwise, a defendant must be present at "(1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage, including jury impanelment and the return of the verdict; and (3) sentencing." Fed. R. Crim. P. 43(a). A defendant need not be present when "the offense is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur by video teleconferencing or in the defendant's absence." Fed. R. Crim. P. 43(b)(2). However, in this instance, Defendant has been charged with violation of 18 U.S.C. § 2261(a)(1) which provides for a penalty of not more than five years. See Compl. 2, ECF

No. 3.  Accordingly, since the offense charged is punishable by more than twelve months, Defendant cannot waive his appearance pursuant to Rule 43(b)(2) and also not under Rule 43 generally for an arraignment on a felony.

However, pursuant to Rule 10 of the Federal Rules of Criminal Procedure a defendant need not be present for the arraignment on an indictment if

> (1) the defendant has been charged by indictment or misdemeanor information;
> (2) the defendant, in a written waiver signed by both the defendant and defense counsel, has waived appearance and has affirmed that the defendant received a copy of the indictment or information and that the plea is not guilty; and
> (3) the court accepts the waiver.

Fed. R. Crim. P. 10(b).  While Rule 10 provides for a waiver in this instance, Defendant has not met the procedural requirements of the rule as there is no written waiver signed by both the defendant and his counsel nor does the record indicate that he has received a copy of the indictment and that he intends to plead not guilty to the indictment.

Accordingly, Defendant's request for a Rule 43 waiver of his personal appearance for plea on the indictment is HEREBY DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:  **October 10, 2019**

UNITED STATES MAGISTRATE JUDGE