1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  1:19-cr-00257-NONE-SKO |
| Plaintiff, | ORDER GRANTING IN PART DEFENDANT'S REQUEST FOR MODIFICATION OF PRETRIAL CONDITIONS OF RELEASE AND VACATING APRIL 28, 2020 HEARING |
| v. | |
| PAUL STEVEN KUBE, | |
| Defendant. | (ECF No. 42, 43, 49, 50) |

16
17

**I.**

18

**RELEVANT BACKGROUND**

19      Around September 5, 2019, Paul Steven Kube ("Defendant") was in Yosemite National

20 Park with his wife, Erin Cooley.  Witnesses contacted Park Rangers and reported that they

21 observed Defendant arguing with a female who was later identified as Ms. Cooley.  (Crim.

22 Compl. 2-3, ECF No. 3.)  One of the witnesses observed Defendant strike Ms. Cooley in the face

23 with a closed fist.  (Id. at 3.)  Ms. Cooley reported that she had been cutting vegetables when

24 Defendant attempted to grab a knife from her and cut himself.  (Id.)  The victim was observed to

25 have significant swelling underneath her right eye and reported that the Sheriff had been called

26 to their residence multiple times due to their past disputes.  (Id.)  The ranger observed that

27 Defendant smelled strongly of alcohol, had an unsteady gait and bloodshot glassy eyes, and

28 determined that he was under the influence.  (Id.)

A complaint was filed on September 6, 2019 charging Defendant with domestic violence in violation of 18 U.S.C. § 113(a)(4); being under the influence and disorderly conduct.  (ECF No. 1.)  Defendant appeared on September 6, 2019 for arraignment.  (ECF No. 2.)  He entered a denial and was ordered to appear for a detention hearing on September 9, 2019.  (Id.)  Defendant appeared in custody on September 9, 2019, and the detention hearing was continued to the following day so Defendant could obtain private counsel.  (ECF No. 5.)  Magistrate Judge Sheila K. Oberto conducted a detention hearing on September 10, 2019.  (ECF No. 8.)  Defendant was released on the following conditions: 1) he must not violate federal, state, or local law while on release; 2) he must cooperate in the collection of a DNA sample if authorized by 42 U.S.C. § 14135a; 3) he must advise the court, the pretrial services office, or his supervising officer in writing before making a change of residence or telephone number; 4) he must appear as required and surrender as directed to serve a sentence that the court may impose.  (Order Setting Conditions of Release 1, ECF No. 11.)  The following additional conditions of release were imposed:

> (a) report on a regular basis to the following agency: Pretrial Services and comply with their rules and regulations;
> (b) report in person to the Pretrial Services Agency on the first working day following your release from custody;
> (c) cooperate in the collection of a DNA sample;
> (d) reside at the approved location on file with Pretrial Services, and not move or be absent from this residence without prior approval of the Court; travel restricted to Eastern District and the Eastern District of Washington, unless otherwise approved in advance by PSO;
> (e) report any contact with law enforcement to your PSO within 24 hours;
> (f) not associate or be within 100 yards of the victim or have any contact with the victim in this case (including telephonic, third party, or electronic communications) unless in the presence of counsel or otherwise approved in advance by the PSO;
> (g) refrain from possessing a firearm/ammunition, destructive device, or other dangerous weapon; additionally, you shall provide written proof of divestment of all firearms/ammunition, currently under your control.  The firearms located at the approved residence must be secured in a safe and the defendant shall not have access to these firearms;
> (h) submit to drug or alcohol testing as approved by the PSO.  You must pay all or part of the costs of the testing services based upon your ability to pay, as determined by the PSO;
> (i) refrain from any use of alcohol, or any use of a narcotic drug or other controlled substance without a prescription by a licensed medical practitioner; and you must notify Pretrial Services immediately of any prescribed medication(s). However, medical marijuana, prescribed or not, may not be used;
> (j) participate in a program of medical or psychiatric treatment including

treatment for drug or alcohol dependency, as approved by the PSO; you must pay all or part of the costs of the counseling services based upon your ability to pay, as determined by the PSO;

(k) surrender your passport to the Clerk, United States District Court in the Eastern District of Washington, and must not apply for or obtain a passport during the pendency of this case;

(l) execute a bond or an agreement to forfeit upon failing to appear or failure to abide by any of the conditions of release, the following sum of money or designated property: A $25,000 cash bond;

(m) participate in the following Location Monitoring program component and abide by all the requirements of the program, which will include having a location monitoring unit installed in your residence and a radio frequency transmitter device attached to your person.  You must comply with all instructions for the use and operation of said devices as given to you by the Pretrial Services Agency and employees of the monitoring company.  You must pay all or part of the costs of the program based upon your ability to pay as determined by the PSO. CURFEW: You are restricted to your residence every day from 8:00 p.m. to 6:00 a.m., or as adjusted by the Pretrial Services office or supervising officer medical, religious services, employment or court-related ordered obligations; and

(n) have installation of the Location Monitoring equipment will delayed until your arrival in the Eastern District of Washington. At which time, you will report to Pretrial Services regarding the installation of your location monitoring equipment.

(Id. at 2-3.)

On October 16, 2019, Plaintiff filed a request for modification of his conditions of pretrial release which was granted.  (ECF Nos. 19, 21.)  At the time of his arrest for this incident, Defendant was on a deferred prosecution for driving under the influence in Douglas County, Washington.  (Id. at 1.)  Due to this incident, his deferment was revoked and he was to serve time on a work release program.  (Id. at 1-2.)  The location monitoring device was removed while he was in the work release program and was to be reactivated once Defendant completed the work release program.  (Id. at 2.)

On November 21, 2019, a three count indictment was filed charging Defendant with violations of 18 U.S.C. § 2261(a)(1), interstate domestic violence; 18 U.S.C. § 113(a)(4), assault by striking, beating, or wounding; and 36 C.F.R. § 2.34(a)(3), disorderly conduct.  (ECF No. 22.) Defendant was arraigned on the indictment on November 22, 2019 and entered a plea of not guilty.  (ECF Nos. 23, 24.)

On December 3, 2019, Defendant filed a request for modification of his conditions of pretrial release which was granted and conditions were modified to allow him to travel Seattle, Washington during the course and scope of his employment for mediation proceedings.  (ECF

No. 26.)

On March 26, 2020, Defendant filed a request for a modification of his conditions of pretrial release.  (ECF No. 42.)  On March 27, 2020, the Government filed an opposition to the request for modification of Defendant's conditions of pretrial release.  (ECF No. 43.)  A bail review hearing was held on March 31, 2020.  (ECF No. 46.)  The parties were provided with the opportunity to file further briefing and the hearing was continued to April 28, 2020.  (Id.)

On April 14, 2020, the Government and Defendant filed supplemental briefing.  (ECF No. 49, 50.)

A bail review hearing was held on April 28, 2020.  Counsel Jeffrey Spivak appeared telephonically for the Government.  Counsel Carol Moses appeared telephonically with Defendant; and counsel Kevin Rooney appeared telephonically with the victim, Ms. Cooley.

## II.

## LEGAL STANDARD

Traditionally federal law has provided that a person who is arrested for a non-capital offense shall be granted bail."  United States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985).  Bail should only be denied in rare circumstances.  Motamedi, 767 F.2d at 1405.  Any doubts regarding the propriety of release should be resolved in the favor of the defendant.  Id.

The Bail Reform Act, which governs release, "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required."  Motamedi, 767 F.2d at 1405 (citing 18 U.S.C. § 3142(c)(2).  On a motion for pretrial detention, the finding that the person is a danger to the community must be supported by clear and convincing evidence, 18 U.S.C. § 3142(f)(2)(B), and the finding that the individual is a flight risk must be supported by a preponderance of the evidence, United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); Motamedi, 767 F.2d at 1407.

The judicial officer is to hold a detention hearing to determine whether there are conditions of release that will reasonably assure the appearance of the individual and the safety of any other person and the community.  18 U.S.C. § 3142(f).  In making the determination, the

Court is to take into account available information concerning (1) the nature and circumstances of the charged offense; (2) the weight of the evidence; (3) the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and  whether he was on probation, parole or release at the time of the current offense or arrest; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g).  "The judicial officer may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3).

A bail hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).

**III.**

**DISCUSSION**

Defendant moves to modify his conditions of pretrial release to allow contact between himself and his wife, including allowing them to live together; modify his curfew hours to restrict him to his residence between the hours of 11:00 p.m. and 5:00 a.m.; and restructure his alcohol, personal, and couple's counseling.  The Court considered the request to modify the curfew hours and on March 31, 2020 his conditions of release were modified providing that the curfew hours would be from 9:00 p.m. to 5:00 a.m. and alcohol counseling and testing was modified as requested by pretrial services.  This order addresses the remaining issue of the stay away order.

Defendant states that he has abided by the court's stay away order and he and Ms. Cooley desire to be reunited as soon as possible.  Defendant is living on the property of a friend and Ms. Cooley remains in the marital residence.  Defendant contends that his alcohol counseling has

been intense for the last seven months and he has been fully compliant with all counseling and treatment required of him by Pretrial Services.  Defendant has also been attending personal counseling with Catholic Charities and will continue with such counseling.  He desires to engage in couple's counseling with his spouse.

Defendant has included a letter from Ben C. Shuts, an intake assessment specialist at Catholic Charities stating that he attended individual therapy appointments on February 10 and 20, 2020.  (ECF No. 42-2.)  Also attached is a letter from Ms. Cooley stating she wishes to reside with Defendant.  (ECF No. 42-1.)

The Government opposes the request that the couple live together, but does not object to the couple having contact by phone, video chat, and email.  Pointing to its motion *in limine* pending before the district judge, the Government contends that in the two years prior to the alleged incident, law enforcement responded to five incidents involving a domestic disturbance between Defendant and Ms. Cooley.  (See ECF No. 35.)  The exhibits demonstrate that the police had been called to the marital home on December 7, 2018; May 3, 2018; August 1, 2018; and March 3, 2019 due to domestic disturbances.  In each incident the parties denied that there had been any physical abuse.

On July 9, 2019, an emergency room nurse contacted the Sheriff's Office regarding a potential domestic violence incident after which Ms. Cooley was found to have swelling on her cheeks, nose, and hands.  Ms. Cooley had a possible broken nose and blood on her hands.  She reported that her injuries had occurred on July 8, 2019, and she had attempted to call 9-1-1, but Defendant had taken her phone.  This incident resulted in charges being filed which were dismissed when Ms. Cooley filed a declaration stating that the incident was an accident.  The current incident is the next recorded event in which a witness observed Defendant striking Ms. Cooley in the face with his closed fist during an argument.

The Government argues that serious concerns for Ms. Cooley's safety exist, even if she does not share the same concern.  The Government contends that the common thread among these incidents is alcohol abuse.  The Government also argues that numerous news outlets have reported that domestic violence incidents are on the rise due to the COVID-19 restrictions which

require individuals to spend more time indoors and tensions are high.  The Government does not oppose loosening the restrictions to allow phone, video and other such contact or contact in the presence of counsel or otherwise approved in advance by the pretrial services officer.

At the March 31, 2020 hearing, counsel for Defendant and Ms. Cooley argued that the fact that Defendant has complied with his conditions of release for seven months allows the court to reopen his bail hearing and modify his conditions of release.  The Court provided the parties with the opportunity to provide supplemental briefing on the issue of when and under what conditions a defendant may move to modify his conditions of release.

In its supplemental briefing, the Government contends that the Bail Reform Act provides the basis for pretrial detention decisions.  The Bail Reform Act also provides that the decision may be reopened at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and is material to the issue whether there are conditions of release that will reasonably assure the appearance of the person and the safety of any other person and the community.  The Government notes that courts have interpreted this provision strictly to hold that a hearing should not be reopened if the evidence was available at the time of the initial hearing.

The Government cites section 3142(c) which provides that a judicial officer may amend the order at any time to impose additional or different conditions.  The Government states that courts in this Circuit have held that the new information requirement of section 3142(f) applies to hearings to amend conditions of release under section 3142(c).  The Government argues that to be entitled to a hearing on Defendant's conditions of release he must establish that there is information that was not known to him at the time of the initial hearing that has a material bearing on the issue of detention.

Defendant's supplemental briefing presents the same arguments made at the March 31, 2020 hearing, that Defendant's compliance with his conditions of release and his completion of alcohol treatment and personal counseling are new information that was not available at the time of the hearing and would allow the court to modify his conditions of release.

Courts in this district consider the requirements of section 3142(f) when considering

whether to modify conditions of pretrial release.  See United States v. Wei Seng Phua, No. 2:14-CR-00249-APG, 2015 WL 127715, at *2 (D. Nev. Jan. 8, 2015); United States v. Smith, No. CR-12-1298-PHX-GMS, 2012 WL 3776868, at *3 (D. Ariz. Aug. 31, 2012); United States v. Lopez, No. 216CR00265GMNCWH2, 2019 WL 2393609, at *1 (D. Nev. June 5, 2019); United States v. Barksdale, No. CR S-08-0263 FCD, 2008 WL 2620380, at *2 n.3 (E.D. Cal. July 1, 2008).  Defendant appears to concede that new information is required to reopen the bail hearing and modify his conditions of release.  He argues, that at the time of the detention hearing, no one could have known if he would be successful in complying with his conditions of pretrial release.  Since he has successfully complied for seven months, Defendant argues that this is new information allows the modification of his conditions of pretrial release.  None of the cases cited by Defendant support the position that his compliance with his terms of release is new information to justify modification of a defendant's conditions of release.

In United States v. Ward, 63 F.Supp.2d 1203 (C.D. Cal. 1999), the defendant sought to reopen the detention hearing based on new sureties being identified to meet his bail amount.  63 F.Supp.2d at 1207.  In United States v. Flores, 856 F.Supp. 1400 (E.D. Cal. 1994), the United States sought to reopen the detention hearing based upon past acts of the defendant that the Government was aware of at the time of the detention hearing but had not raised.  856 F.Supp. at 1407.  In USA v. Martin, No. 13CR00466JSW2KAW, 2015 WL 3464937 (N.D. Cal. May 29, 2015), the defendant sought to present five new sureties to meet his bail amount.  2015 WL 346937, at *3.  Defendant has not cited to, nor is the court aware of, any case in which a court has found that the defendant's compliance with his terms of pretrial release is new information that would justify modifying the conditions of pretrial release.

The Court is unpersuaded by the argument that Defendant's compliance with his conditions of pretrial release is new information that could not have been presented at the original bail hearing.  The Bail Reform Act provides that in setting the conditions of release the Court is to impose the "least restrictive condition or combination of conditions" available to reasonably ensure the appearance of the defendant and the safety of the community.  18 U.S.C. § 3142(c).  It is presumed that the defendant will abide by the conditions imposed and his

1  demonstrated ability to do so is what allows him to remain on pretrial release.  The fact that

2  Defendant has complied with his conditions of release is what allows him to remain out of

3  custody and is not new information that has a material bearing on his conditions to reopen the

4  detention hearing.  See also United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989) (district

5  court did not abuse its discretion in finding that defendant's work as an electrician and selection

6  as a trustee while in detention was not sufficiently material to the issue of dangerousness to

7  justify a second hearing).

8       Defendant argues that there have been no new instances of assaultive conduct, but this is

9  result of the conditions imposed and demonstrates that these conditions have been successful in

10 preventing any further assaultive incidents which was the purpose for which the stay away order

11 was imposed.  In imposing the current conditions of release, the magistrate judge is to consider

12 all the available information concerning the charged offense, the weight of the evidence, and the

13 history of defendant along with the danger to Ms. Cooley should he be released.  This is not a

14 pretrial determination of guilt, but "the nature of the charged crime and the weight of the

15 evidence are helpful aids in predicting a defendant's future conduct if released." United States v.

16 Ward, 63 F.Supp.2d 1203, 1208 (C.D. Cal. 1999) (quoting United States v. Flores, 856 F.Supp.

17 1400, 1402 (E.D.Cal. 1994)).  The magistrate judge determined that the stay away order was

18 necessary for Ms. Cooley's protection and the fact that there have been no assaultive incidents

19 demonstrates that the stay away order is serving its purpose not that it should be lifted.

20      Defendant argues that his complete compliance with the conditions imposed should allow

21 him to have the stay away order lifted.  However, by analogy, when a defendant is prohibited

22 from consuming alcohol and is ordered to attend treatment and counseling as a condition of

23 release, the completion of the program may result in an order terminating the treatment and

24 reduced testing.  But, it does not warrant lifting the no alcohol condition.  Here, the condition

25 that Defendant have no contact with Ms. Cooley was imposed due to the nature and

26 circumstances of the charges in the case.  The fact that Defendant has complied with his

27 conditions of release, including testing and treatment ordered as a condition of his release, is not

28 new information to modify the condition that he stay away from Ms. Cooley.  This was precisely

the issue on which Defendant asked to provide supplemental briefing and he has presented no case in support of his argument that compliance with his conditions of release is new information that would justify modifying his conditions of release.  The criminal charges present here are similar criminal charges at the time the order for release was issued.  Hence, the stay away condition is still justified and why the completion of a program is not new information necessitating a bail review hearing.

Defendant argues that he has been attending personal counseling and that both he and Ms. Cooley have developed skills that when utilized will protect them and facilitate better communication.  Defendant has presented evidence that he attended two session with Catholic Charities in February 2020 with an appointment scheduled in March 2020.  The Court finds that Defendant has not presented information that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether the conditions of release will reasonably assure the the safety of Ms. Cooley.  18 U.S.C. § 3142(f).

However, the Government does not object to allowing Defendant to have contact with Ms. Cooley by telephone, email or by video.  Given the lack of objection by the Government, the Court shall modify the stay away order to allow contact by telephone, email, or video.  The stay away order regarding personal contact shall remain in effect as to any physical contact between Defendant and Ms. Cooley.

### IV.

### CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that

1.  The April 28, 2020 hearing on Defendant's motion to modify his conditions of release is VACATED;

2.  Defendant's motion to modify his conditions of pretrial release is GRANTED IN PART and additional condition of relief (f) of the September 10, 2019 order setting conditions of release is modified to allow Defendant to have contact with Ms. Cooley by video, email, or telephone.  All in person contact is prohibited unless in the presence of counsel or approved in advance by the PSO; and

1       3.      The Clerk of the Court is DIRECTED to serve a copy of this order on the victim's

2          attorney Kevin Rooney via the court's electronic case filing system (CM/ECF).

IT IS SO ORDERED.

Dated:   **April 27, 2020**

UNITED STATES MAGISTRATE JUDGE